# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Misty Meier, on behalf of her minor Child G.C-M, and Jane Doe, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>Netgain Technology, LLC,<br><br>      Defendant. | Civil No. 21-1210 (SRN/LIB) |
| Susan M. Reichert, on behalf of herself individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>James Casson et al.,<br><br>      Defendants. | Civil No. 21-1300 (SRN/LIB) |
| Mark Kalling, on behalf of himself individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>Netgain Technology, LLC,<br><br>      Defendant. | Civil No. 21-1368 (SRN/LIB) |

| | |
|---|---|
| Sherman Moore, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Netgain Technology, LLC,<br><br>        Defendant. | Civil No. 21-1421 (SRN/LIB) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE COUNSEL UNDER FED. R. CIV. P. 23(g)(3)

Plaintiffs Misty Meier, Susan M. Reicher, Mark Kalling, and Sherman Moore ("Plaintiffs"), individually and on behalf of all others similarly situated, submit this Memorandum of Law in support of Plaintiffs' Motion to Appoint Interim Co-Lead Counsel and Executive Committee Counsel under Fed. R. Civ. P. 23(g)(3).

## I.      INTRODUCTION

Beginning on May 13, 2021, Plaintiffs filed the first of four class action complaints against Defendant Netgain Technology, LLC ("Netgain" or "Defendant") that are currently pending in this District.  Netgain specializes in providing cloud-enabled IT and managed solutions to various types of businesses, including healthcare providers and accounting firms.  Plaintiffs' actions arise out of a data breach at Netgain in late September 2020, impacting hundreds of thousands of largely healthcare consumers.  Hackers exfiltrated—through a ransomware attack—consumers' names, account numbers, Social Security numbers, driver's license numbers, bank account numbers, and dates of birth ("PII"), as

2

well as personal health information such as medical record numbers, health insurance policy and identification numbers, clinical notes, referral requests, laboratory reports, decision-not-to-vaccinate forms, immunization information, medical disclosure logs, and other medical and health information ("PHI").

The actions assert various causes of action, including negligence, negligence *per se*, declaratory and injunctive relief, violation of various state privacy statutes, breach of express and implied contract, and unjust enrichment.  On June 21, 2021, this Court directed the clerk of court to reassign later-filed cases to the *Meier* action (Civ. No. 21-1210 (SRN/LIB) (ECF No. 21), and the same day counsel in all four matters filed a joint motion to consolidate the three other cases before Judge Susan Richard Nelson in the *Meier* action (ECF No. 16).

Plaintiffs respectfully request that this Court appoint Gayle M. Blatt (Casey Gerry Schenk Francavilla, Blatt & Penfield, LLP), Bryan L. Bleichner (Chestnut Cambronne PA), and Brian C. Gudmundson (Zimmerman Reed PLLP) as Interim Co-Lead Counsel. Plaintiffs also request appointment of Executive Committee Counsel, composed of Kate Baxter-Kauf (Lockridge Grindal Nauen P.L.L.P.) as Chair of the Executive Committee, Nathan D. Prosser (Hellmuth & Johnson PLLC), Terence R. Coates (Markovits, Stock & DeMarco LLC), David Goodwin (Gustafson Gluek PLLC), and Nicholas A. Migliaccio (Migliaccio & Rathod LLP).

As detailed below, Proposed Interim Co-Lead Counsel and Executive Committee Counsel are unquestionably experienced and knowledgeable, and they possess ample resources and have worked hard to identify and investigate the factual and legal claims in

this action. Each of the proposed Interim Co-Lead Counsel and proposed members of the Executive Committee have earned lead counsel appointments based on many years of successfully prosecuting data-breach cases. Considering this proven track record, Proposed Interim Co-Lead Counsel and Executive Committee Counsel respectfully submit that appointing them to manage this litigation would best serve the interests of the proposed class.

## II.   <u>LEGAL STANDARDS</u>

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); (*cited in Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *see also Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Designating lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing *Manual for Complex Litig*. § 21.11 (4th ed. 2004)).

Determining the appointment of lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in

4

handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe*, 2020 WL 835174, at *2 (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

## III.   **ARGUMENT**

Proposed Interim Co-Lead Counsel and Executive Committee Counsel abundantly satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. *See generally* Declaration of Bryan L. Bleichner, Esq. ("Bleichner Decl."). Proposed Interim Co-Lead Counsel and Executive Committee Counsel possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage

this litigation effectively and efficiently.  Moreover, many of the counsel have previously and repeatedly worked together to successfully prosecute data-breach and other class actions, not only in this District, but nationwide. Because Proposed Interim Co-Lead Counsel and Executive Committee Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

> **A.    Proposed Interim Co-Lead Counsel and Members of the Executive Committee Have Performed Substantial Work Investigating and Litigating the Claims to Date.**

One factor Courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel.  *See, e.g., Adedipe*, 2014 WL 835174, at *3 (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims").  Here, immediately after the public announcement of the data breach at Netgain, Proposed Interim Co-Lead Counsel and Executive Committee Counsel began investigating potential legal claims and remedies for the victims of the breach, including Plaintiffs.  Those investigations included, among other things:

- Investigating the facts surrounding the data breach;

- Interviewing numerous consumers injured by the data breach;

- Researching legal claims;

- Drafting initial pleadings;

- Investigating and retaining experts in the area of data security and damages; and

- Organizing plaintiffs and counsel and consolidating the relevant actions for unified proceedings.

The facts Plaintiffs allege are egregious in terms of the information exposed and the scope of victims affected. Accordingly, Plaintiffs' counsel worked to quickly organize and avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Proposed Interim Co-Lead Counsel and members of the Executive Committee operate as a cohesive, well-organized group. Going forward, and if appointed, Interim Co-Lead Counsel will establish a standardized protocol for managing and reporting time and expenses incurred, to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Lead Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Co-Lead Counsel and members of the Executive Committee are organized, unified, and committed to working together for the best interests of the class.

**B.    Proposed Interim Co-Lead Counsel and Members of the Executive Committee Possess the Necessary Experience and Skill to Prosecute This Action.**

Proposed Interim Co-Lead Counsel possess the experience and skill to prosecute this action efficiently and effectively. As set forth below, their résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions,

including most of the major data breach cases in the United States.  They will formulate and present positions on substantive and procedural issues during the litigation. *See Manual for Complex Litigation* § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g.*, *Adedipe*, 2014 WL 835174, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

Plaintiffs propose that the Court designate Gayle M. Blatt, Bryan L. Bleichner, and Brian C. Gudmundson to be Interim Co-Lead Counsel and designate an Executive Committee comprised of Kate Baxter-Kauf as Chair of the Committee, Terence R. Coates, David Goodwin, Nicholas A. Migliaccio, and Nathan D. Prosser.  As demonstrated below, these attorneys have substantial class-action and data-breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### 1.    Gayle M. Blatt

Casey Gerry Schenk Francavilla Blatt & Penfield, LLP ("CaseyGerry") is one of the oldest plaintiffs' firms in California.  Heading the firm's complex litigation practice group, Ms. Blatt concentrates her practice on data-breach and consumer class actions, as well as pharmaceutical and medical-device cases. She joined CaseyGerry more than thirty

years ago and has become well-known for representing injured consumers in a wide range of high-profile cases.  Bleichner Decl. ¶ 9.

Ms. Blatt has considerable experience in data breach litigation, including appointments as interim co-lead counsel in *DeSue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.), in *Pfeiffer v. RadNet, Inc.*, No. 20-cv-09553-RGK-SK (C.D. Cal.), in *In re Warner Music Group Data Breach Litigation*, No. 20-cv-07473-PGG (S.D.N.Y.), and in *In re US Fertility LLC Data Security Litigation*, No. 8:21-cv-00299 (D. Md.). She served as settlement class counsel in *In re Citrix Data Breach Litigation*, No. 19-cv-61350-RKA (S.D. Fla.), was appointed to the Plaintiffs' Executive Committee in *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 21-cv-00036-DRC (S.D. Ohio), and served on the five-member PEC overseeing the class action litigation related to the massive Yahoo! data breaches, No. 16-MD-02752 (N.D. Cal.). Ms. Blatt also served on the law and briefing committee in the consolidated data-breach class action *Adkins v. Facebook, Inc.*, No. 18-05982-WHA (N.D. Cal.), as settlement class counsel in *Sung v. Schurman Fine Papers d/b/a Schurman Retail Group*, No. 17-cv-02760-LB (N.D. Cal.), and as liaison counsel in *In re Sony Gaming Networks & Customer Data Security Breach Litigation,* No. 11-md-02258-AJB (S.D. Cal.).  Ms. Blatt has been appointed to the Plaintiffs' Executive Committees in *In re ZF- TRW Airbag Control Units Products Liability Litigation*, No. 19-ml-02905-JAK-FFM (C.D. Cal.); *In re Intel Corp. CPU Marketing, Sales Practices and & Products Liability Litigation*, No. 18-md-2828-SI, (D. Or.) and *In re Apple Inc. Device Performance Litigation,* No. 18-md-02827-EJD (N.D. Cal.).  Bleichner Decl. ¶ 10.

Ms. Blatt has received three Outstanding Trial Lawyer awards from the Consumer Attorneys of San Diego and has been named to San Diego's Top 25 Female Attorneys and the Top 10 San Diego Lawyers from 2019-2021 by *San Diego Super Lawyers*. Ms. Blatt was named one of San Diego's Best Attorneys of 2021 by *San Diego Daily Metro* and one of San Diego's most influential women of 2018 by the *San Diego Daily Transcript*, one of the Top 50 Influential Professionals by the *San Diego Daily Transcript* in 2019, one of the Top 500 Influential Business Leaders by the *San Diego Business Journal* in 2019, and one of the Top Plaintiffs' Lawyers 2021 and one of the Top Women Lawyers 2021 by the *Daily Journal*. She has been named one of Lawdragon's 500 Leading Plaintiff Consumer Lawyers from 2019-2021, and Ms. Blatt is listed annually in *Best Lawyers*. *Id.* ¶ 11, Ex. B.

### 2. Bryan L. Bleichner

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, an officer of the Antitrust Section of the National Federal Bar Association, a featured speaker at the National American Bar Association, and a current member of the Sedona Conference Working Group Series. Bleichner Decl. ¶ 7. Mr. Bleichner has extensive experience serving as leadership in numerous class action data breach cases including: *DeSue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-621-DSD-DTS (D. Minn.); *Village*

*Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); and *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.).  Bleichner Decl. ¶ 7.

Mr. Bleichner also has experience serving as leadership or class counsel in non-data-breach class actions, including: *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD (S.D. Ohio); *Maura Howard v. Life Time Fitness, Inc*., No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation*., No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *James Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Marie Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-SRN-JSM (D. Minn.).  Bleichner Decl. ¶ 7, Ex. A.

### 3. Brian C. Gudmundson

Brian C. Gudmundson has led and litigated numerous MDL and consolidated actions, including many of the largest data-breach actions in recent years. He is currently co-lead counsel in the Sonic data breach litigation on behalf of financial institutions, *In re Sonic Corp. Customer Data Security Breach Litig.*, 17-md-02807 (N.D. Ohio). Gudmundson also recently served as co-lead counsel in the settled Arby's data breach litigation on behalf of financial institutions, *In re Arby's Rest. Grp., Inc., Data Security Litig.*, 17-cv-00514, (N.D. Ga.), and on the steering committees on behalf of financial institutions in the settled actions involving the Equifax data breach, *In re Equifax Inc. Customer Data Security Breach Litig.*, MDL 2800 (N.D. Ga.), Wendy's data breach, *First Choice Fed. Credit Union v. The Wendy's Co.*, 16-cv-00506 (W.D. Pa.); and Home Depot data breach, *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, MDL 2583 (N.D. Ga.), among several others. Prior to these, he was one of the lead litigators in the landmark Target data-breach case, *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL 14-2522 PAM/JJK (D. Minn.), in which his partner, the late Charles S. ("Bucky") Zimmerman, was appointed lead counsel for the financial institution track. The Sonic and Target actions are two of the only data-breach actions to ever obtain a certified litigation class. Mr. Gudmundson also recently served on the steering committee for the breach-of-privacy action, *In re Vizio, Inc., Consumer Privacy Litig.*, MDL 2693 (C.D. Cal.). Bleichner Decl. ¶ 12.

Outside the data-breach and privacy context, Gudmundson currently serves as co-lead counsel on behalf of consumers in the consolidated action *Patlan v. BMW of North*

*America, LLC*, 18-cv-09546 (D.N.J.), alleging damages related to fire risk caused by defective BMW vehicles.  Recently, he led all plaintiffs' counsel on behalf of consumers in the settled MDL action *In re CenturyLink Sales Practices & Securities Litig.*, MDL 2795 (D. Minn.).  Mr. Gudmundson also served as co-lead counsel in the settled arbitration action *GLS Cos. v. Minnesota Timberwolves Basketball LP*, No. 27-cv-16-2816 (Minn. Dist. Ct.) challenging implementation of the Timberwolves' paperless ticketing system and restrictions on transfer of game tickets.  Bleichner Decl. ¶ 13, Ex. C.

### 4.    Kate Baxter-Kauf

Kate M. Baxter-Kauf is a partner at Lockridge Grindal Nauen P.L.L.P.  Her practice is concentrated in the firm's data breach, antitrust law, business litigation, and securities litigation practice groups. For the past several years, she has been on the forefront of cutting-edge cybersecurity and privacy litigation, representing individuals and financial institutions in data breach litigation.  Ms. Baxter-Kauf has been substantially involved in a number of complex class-action matters including data-breach litigation and other class actions in state and federal courts including: *In re Anthem, Inc. Data Breach*, No. 15-02617 (N.D. Cal.); *In re Arby's Restaurant Group, Inc. Data Security Litigation*, Civil Action No. 17-00514 (N.D. Ga.); *In re Banner Health Data Breach Litig.*, No. 16-02696 (D. AZ); *Beck. v. Austin*, No. 19-cv-1453 (D. Minn.); *In re Blackbaud, Inc. Customer Data Security Breach Litigation*, No. 20-02972 (D.S.C.); *Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-01102 (D. Co.); *In re Community Health Systems, Inc. Customer Security Data Breach Litig.*, No. 15-00222, MDL 2595 (N.D. Ala.); *Dittman v. UPMC*, No. GD-14-003285 (Allegheny Cty., Pa.); *In re Equifax, Inc., Customer Data*

*Security Litigation*, No. 17-02800 (N.D. Ga); *In re EpiPen ERISA Litig.*, No. 17-cv-1884 (D. Minn.); *Fero v. Excellus Health Plan, Inc.*, No. 15-06569 (W.D.N.Y.); *In re Facebook, Inc., Customer Privacy User Profile Litigation*, No. 18-02843 (N.D. Cal); *First Choice Federal Credit Union v. The Wendy's Company*, No. 16-00506 (W.D. Pa.); *Greater Chautauqua Federal Credit Union. v. Kmart Corporation*, No. 15-02228 (N.D. Ill.); *In re Home Depot, Inc., Customer Data Security Breach Litig.*, No. 14-02583 (N.D. Ga.); *In re iPhone Application Litig.*, No. 11-02250 (N.D. Cal.); *In re Premera Blue Cross Customer Data Security Breach Litig.*, No. 15-2633 (D. Or.); *SELCO Community Credit Union v. Noodles & Company*, No. 16-02247 (D. Colo.); *Ploss v. Kraft Foods Group, Inc.*, No. 15-2937 (N.D. Ill.); *Storm v. Paytime, Inc.*, No. 14-01138 (M.D. Pa.); *In re Supervalu, Inc., Customer Data Security Breach Litig.*, MDL No. 2586 (D. Minn.); *In re Target Corp. Customer Data Security Breach Litig*., No. 14-02522 (D. Minn.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 17-00356 (W.D. Wash.); *In re Yahoo! Inc. Customer Data Security Breach Litigation*, No. 16-02752 (N.D. CA); *Soderstrom v. MSP Crossroads Apartments LLC*, No. 16-cv-02784-SHM-dkv (D. Minn.); *Khoday v. Symantec Corp*., No. 11-cv-180-JRT-TNL (D. Minn.); *In re Medtronic, Inc. Shareholder Litigation*, A15-0858 (Minn.); *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv (W.D. Tenn.); *In re Wholesale Grocery Products Antitrust Litigation*, MDL No. 2090 (D. Minn.); *Turnidge v. TruGreen Limited Partnership*, No. 27-CV-14-14711 (Henn. Cty. Dist. Ct.); *UrbanWorks Architecture LLC v. Hunt Associates*, Nos. 27-CV-14-8415 & 27-CV-16-10241 (Henn. Cty. Dist. Ct.); and *Zimmerman v. Riverplace Counseling Center, Inc.*, No. 02-CV-19-6522 (Anoka Cty. Dist. Ct.).  Bleichner Decl. ¶ 16.

Ms. Baxter-Kauf has previously been appointed Plaintiffs' Liaison Counsel in *In re EpiPen ERISA Litig.*, No. 17-cv-1884 (D. Minn.) (Magnuson, J.) and is appointed settlement class counsel in *Beck v. Austin*, No. 19-cv-01453 (D. Minn.) (Schiltz, J.). She is a frequent speaker on data-breach and privacy issues at conferences across the country. Bleichner Decl. ¶ 17, Ex. D.

### 5.     Terence R. Coates

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC in Cincinnati, Ohio. He has extensive experience handling complex class-action cases including securities, commercial, antitrust, and data-breach litigation. Terry is currently participating as a member of class counsel in the following data breach cases pending around the country: *In re Data Breach Security Litigation Against The Kroger Company*, No. 1:21-cv-00146 (S.D. Ohio; proposed co-lead counsel); *Angus v. Flagstar Bank, FSB*, No. 2:21-cv-10657 (E.D. Mich.); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.; proposed member of the Executive Committee); *Cooper v. Bonobos, Inc.*, No. 1:21-cv-00854 (S.D.N.Y.); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio; court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio; court-approved liaison counsel); *Garrett v. Herff Jones, LLC*, No. 1:21-cv-01329 (S.D. Ind.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.); and *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio). Bleichner Decl. ¶ 18.

In addition to data-breach class actions, Mr. Coates has experience participating as a member of class counsel in several notable cases including: *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639, (D.D.C.) (assisted in representing the Ohio public pension funds as Lead Plaintiffs in a Section 10b-5 class action resulting in a $153 million settlement); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-1967, (N.D. Cal.); *see also O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015) (served as counsel for NCAA, Olympic, and NBA legend Oscar Robertson in antitrust claims against the National Collegiate Athletic Association, Collegiate Licensing Company, and Electronic Arts resulting in a $40 million settlement with Electronic Arts and Collegiate Licensing Company and the court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law); *In re Toyota Motor Corp., Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (served as counsel for the economic loss class action plaintiffs against Toyota that resulted in a settlement valued at $1.6 billion); and *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (served as counsel for Plaintiffs in a complex antitrust and RICO class action resulting in the court granting final approval of an $80.875 million settlement). Based on his experience in data breach and other class action cases, Mr. Coates is qualified to assist the Plaintiffs in this matter as a member of the Executive Committee. Bleichner Decl. ¶ 19., Ex. E.

### 6.    David A. Goodwin

David A. Goodwin is a partner at Gustafson Gluek PLLC whose practice focuses on antitrust, securities, and consumer protection litigation. Mr. Goodwin has been actively

involved in several cases in which Gustafson Gluek is or had been appointed to leadership positions or was otherwise substantially involved, including: *Krukas v. AARP, Inc.*, No. 1:18-cv-01124 (D.D.C.); *Salmons v. National Railroad Passenger Corp., d/b/a AMTRAK*, No. 1:19-cv-03253 (D.D.C.); *FCA US LLC Monostable Electronic Gearshifts Litig.*, No. 2:16-md-02744 (E.D. Mich.); *Krautkramer v. Yamaha Motor Corporation, USA*, No. 0:19-cv-02559 (D. Minn.); *Reynolds, , v. FCA US, LLC*, No. 2:19-cv-11745 (E.D. Mich.); *In re January 2021 Short Squeeze Trading Litigation*, 1:21-md-02989 (S.D. Fla.); *Gisairo v. Lenovo (United States) Inc.*, 0:19-cv-02727 (D. Minn.); *Luis v. RBC Capital Markets, LLC*, No. 0:16-cv-03873 (D. Minn.); *Kottemann Orthodontics, P.L.L.C. v. Delta Dental Plans Ass'n*, 0:19-cv-03139 (D. Minn.); *In re Dealer Management Systems Antitrust Litig.*, 1:18-cv-00864 (N.D. Ill.); *Karsjens v. Jesson*, No. 0:11-cv-03659 (D. Minn.); *In re National Prescription Opiate Litigation*, 1:17-md-02804 (N.D. Ohio); *Phillips v. Caliber Home Loans*, No. 0:19-cv-02711 (D. Minn.); *Woronko v. General Motors, LLC*, No. 4:19-cv-13449 (E.D. Mich.); *Dryer v. Nat'l Football League*, No. 0:09-cv-02182 (D. Minn.); *National Hockey League Players' Concussion Injury Litig.*, No. 0:14-md-02551 (D. Minn.); *In re Aluminum Warehousing Antitrust Litig.*, No. 1:13-md-02481 (S.D.N.Y.). Bleichner Decl. ¶ 20, Ex. F.

### 7.    Nicholas A. Migliaccio

Nicholas A. Migliaccio is partner at Migliaccio & Rathod LLP ("M&R") who focuses his practice on consumer protection, privacy, civil-rights, environmental contamination, and wage-theft cases. The firm's attorneys, located in Washington, D.C., focus primarily on class actions and have been appointed class counsel in a wide array of

cases which implicate significant economic, societal, and privacy concerns. *See, e.g.*, *Colgate, v. JUUL*, No. 3:18-cv-02499-WHO (Dkt. No. 63) (appointing firm, along with one other firm, as interim lead counsel in putative nationwide class action against e-cigarette manufacturer JUUL, prior to formation of multidistrict litigation); *Hill v. Cty. of Montgomery*, No. 9:14-cv-00933 (BKS/DJS), 2018 U.S. Dist. LEXIS 140305, at *32 (N.D.N.Y. Aug. 20, 2018) (granting class certification in civil-rights case and finding firm adequate to represent the class). M&R attorneys have also held leadership positions in multidistrict litigation and other class-action litigation, including within this judicial district.  *See Valsartan N-Nitrosodimethylamine (NDMA) Products Liability Litigation*, MDL Case No: 1:19-md-02875-RBK-JS (D.N.J.) (appointed to the PSC and serving as co-chair of the medical monitoring committee in MDL arising from contaminated drug); *Gisairo v. Lenovo (United States) Inc.*, 0:19-cv-02727 (D. Minn.) (serving as co-lead counsel in a class-action litigation involving allegedly defective laptop computers); *Fath v. Honda North America, Inc.*, No. 0:18-cv-01549 (D. Minn.) (served on the PSC in auto defect litigation that ultimately settled on a nationwide basis).  Bleichner Decl. ¶ 21.

Of particular relevance to this litigation, Mr. Migliaccio and other M&R attorneys have significant experience in data-breach and privacy cases, including serving as co-lead counsel in *Wallace v. Health Quest Systems, Inc.*, 7:20-CV-00545 (VB) (S.D.N.Y), which asserted claims arising from a data breach from a major hospital system in New York State, and serving as interim lead counsel for the Sprint subscriber class in *In re National Security Agency Telecommunications Records Litigation*, No. 3:06-md-01791 (N.D. Cal.), which was an MDL against telecom companies to enjoin the alleged disclosure to the National

Security Agency of telephone calling records. M&R attorneys also serve on the plaintiffs' steering committee in *In Re Rutter's Inc. Data Security Breach Litigation,* No. 1:20-cv-382 (M.D. Pa.), which is a data-breach case involving customers' compromised electronically stored sensitive personal information.  Bleichner Decl. ¶ 22, Ex. G.

### 8.   Nathan D. Prosser

Nathan D. Prosser is a partner at Hellmuth & Johnson PLLC whose practice focuses on complex class-action litigation, including data-breach, antitrust, securities, and consumer-protection cases throughout the country.  He also has extensive experience consulting on Rule 23 class notice and administration best practices.  More recently, Mr. Prosser has been substantially involved in a number of complex class action matters including data-breach litigation and other class actions in state and federal courts including: *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 0:21-cv-61275 RAR (S.D. Fla.); *Hiatt v. South Country Health Alliance* (Data Breach), No. 74-CV-21-632 Steele Co. Dist. Ct.);  *In re Blackbaud, Inc. Customer Data Security Breach Litigation*, No. 20-02972 (D.S.C.); *Taqueria El Primo LLC v. Farmers Group, Inc.*, No. 0:19-cv-03071 JRT-BRT (D. Minn.); *In re Interior Doors Antitrust Litigation*, No. 3:18-cv-085 (E.D. Va.);  *Al's Discount Plumbing, v. Viega LLC*, No. 1:19-cv-00159-CCC (E.D. Pa.); *Nathan, v. Whirlpool Corp.*, No. 3:19-cv-0226 WHR (S.D. Ohio); *Barclay v. ICON Health & Fitness, Inc.*, No. 0:19-cv-02970 ECT-DTS (D. Minn.); *Bechtel v. Fitness Equipment Services, LLC*, No. 1:19-cv-00726 MRB-KLL (S.D. Ohio); *Walker v. Nautilus, Inc.*, 2:20-cv-03414-EAS-EPD (S.D. Ohio); *Stucki v. Hyundai Motor America, Inc.*, No. 0:21-cv-01085-MJD-ECW (D. Minn.); *In re Countrywide Fin. Corp. Sec. Litigation*, 07-cv-05295 MRP (C.D.

Cal.); *Khoday v. Symantec Corp*., No. 11-cv-180-JRT-TNL (D. Minn.); *In re Baby Prods. Antitrust Litigation*, 2:06-cv-0242/2:09-cv-06151-AB (E.D. Pa.); and *In re Regions Morgan Keegan Open-End Mutual Fund Litigation*, No. 2:07-cv-02784-SHM-dkv (W.D. Tenn.).  Bleichner Decl. ¶ 23, Ex. H.

C.   **Proposed Interim Co-Lead Counsel and Executive Committee Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class.**

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Co-Lead Counsel and Executive Committee Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country.  Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members.  In fact, Proposed Interim Co-Lead Counsel and Executive Committee Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal.  They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. Bleichner Decl. ¶¶ 14, 24, 29.  And, as their firm résumés and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources to see this litigation through to its conclusion, including trial. *Id*. Exs. A-C.

**D.     Other Factors Support Designating Proposed Interim Co-Lead Counsel and Executive Committee Counsel.**

Notably, the proposed leadership structure has the support of all Plaintiffs and firms involved in the first four cases filed in this litigation.  *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at \*5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at \*2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at \*2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at \*10 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Indeed, after the first two cases were filed on May 13 and May 28, followed by two additional cases on June 8 and June 17, Proposed Interim Co-Lead Counsel moved quickly to coordinate the proposed leadership structure to avoid any delay attendant with potential multi-district litigation proceedings due to the egregious nature of Netgain's alleged unlawful conduct and likelihood of imminent further harms to Plaintiffs and the class

members.  Proposed Interim Lead Counsel seek this leadership structure to best serve the interests of the class in the most efficient manner possible. *See* Bleichner Decl. ¶ 26.

Proposed Interim Co-Lead Counsel and members of the Executive Committee (and their law firms) reflect the diversity of the bar and the class they seek to represent—from the standpoint of age, gender, experience, and geographic location.  *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf  ("Duke  Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").  This is particularly important where, as here, Proposed Interim Co-Lead Counsel are gender diverse and hail from geographically and ethnically diverse states (e.g., Minnesota, California, and the District of Columbia) to represent the diversity of the members of this nationwide putative class.  The diversity present amongst Proposed Interim Class Counsel and their law firms reflects the diversity of the class.  Bleichner Decl. ¶ 26.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court.  The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation.  *See Manual for Complex Litigation* § 10.21.  One of the

demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id.* Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.*; Bleichner Decl. ¶ 27.

Nowhere could these sentiments be truer than among the counsel proposed for Proposed Interim Co-Lead Counsel and the Executive Committee here. For instance, counsel from Chestnut Cambronne, Lockridge Grindal Nauen, and Zimmerman Reed have worked together in leadership on many, if not most, of the major data breach cases in the country, including, but not limited to, the Target Data Breach, Home Depot Data Breach, Wendy's Data Breach, Equifax Data Breach, and Arby's Data Breach. *See* Bleichner Decl. ¶¶ 26-27, Exs. A, C, D.

In addition, the law firms of Chestnut Cambronne PA and CaseyGerry are currently working together as co-counsel on the *In re EyeMed, Inc. Customer Data Security Breach*

*Litigation*, Dkt. No. 13 (S.D. Ohio) and *DeSue v. 20/20 Eye Care Network, Inc.,* No. 21-cv-61275-RAR (S.D. Fla.), and Chestnut Cambronne and Lockridge Grindal Nauen are co-counsel in this District in a data breach case against grocer Hy-Vee. *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-cv-00621-DSD-DTS (D. Minn.).

Importantly, Proposed Interim Co-Lead Counsel and members of the Executive Committee have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter.  They all understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.  Bleichner Decl. ¶ 31.

While Proposed Interim Co-Lead Counsel and Executive Committee Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication.  Accordingly, they have already discussed how best to organize to effectively use its members' diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.  As mentioned above, if appointed, Proposed Interim Co-Lead Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action.  *Id.* ¶ 30.

## V.    <u>CONCLUSION</u>

For all these reasons, Plaintiffs respectfully request that this Court appoint Gayle M. Blatt, Bryan L. Bleichner, and Brian C. Gudmundson as Interim Co-Lead Counsel;  appoint Kate Baxter-Kauf as Chair of the Executive Committee; and Terence R. Coates, David Goodwin, Nicholas A. Migliaccio, and Nathan D. Prosser to the Executive Committee.

Dated:  July 16, 2021

**CHESTNUT CAMBRONNE PA**

By: *s/Bryan L. Bleichner*

Bryan L. Bleichner (#0326689)
Jeffrey D. Bores (#227699)
Christopher P. Renz (#0313415)
100 Washington Avenue S, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com
jbores@chestnutcambronne.com
crenz@chestnutcambronne.com

Gayle M. Blatt (*pro hac vice*)
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
gmb@cglaw.com

Brian C. Gudmundson (#0336695)
Michael L. Laird (#398436)
Rachel K. Tack (#399529)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
Michael.laird@zimmreed.com
Rachel.tack@zimmreed.com

***Proposed Interim Co-Lead Counsel***

Kate M. Baxter-Kauf (MN # 392037)
Karen Hanson Riebel (MN # 0219770)
Maureen Kane Berg (MN # 033344X)
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
kmbaxter-kauf@locklaw.com
khriebel@locklaw.com
mkberg@locklaw.com

Nathan D. Prosser (MN #0329745)
Anne T. Regan (MN #0333852)
**HELLMUTH & JOHNSON PLLC**
8050 West 78th Street
Edina, MN 55439
Telephone: (952) 941-4005
Facsimile: (952) 941-2337
nprosser@hjlawfirm.com
aregan@hjlawfirm.com

Terence R. Coates
Justin Walker
**MARKOVITS, STOCK & DEMARCO, LLC**
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
jwalker@msdlegal.com

Daniel E. Gustafson (#202241)
Amanda M. Williams (#341691)
David A. Goodwin (#386715)
Mickey L. Stevens (#398549)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
awilliams@gustafsongluek.com
dgoodwin@gustafsongluek.com
mstevens@gustafsongluek.com

Nicholas A. Migliaccio (*pro hac vice*
anticipated)
Jason S. Rathod (*pro hac vice* anticipated)
**MIGLIACCIO & RATHOD LLP**
412 H Street NE Washington, DC 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

***Proposed Executive Committee***