UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: NETGAIN TECHNOLOGY, LLC, CONSUMER DATA BREACH LITIGATION | Court File No. 21-cv-1210 (SRN/LIB) |

DECLARATION OF CHRISTOPHER P. RENZ IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN

I, Christopher P. Renz, declare:

1. I am an attorney licensed to practice before the courts of the State of Minnesota. I am privileged to serve as counsel on behalf of the Plaintiff and the putative class in this litigation. I am a partner in the firm Chestnut Cambronne, PA. I submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan.

2. Effective May 2, 2025, Counsel for Plaintiffs and the putative class entered into a Settlement Agreement and Release ("Settlement Agreement") with Defendant Netgain Technology, LLC ("Netgain"). A true and correct copy of the Settlement Agreement is attached as Exhibit A.

3. Plaintiff and Netgain agreed to resolve all claims asserted in the complaint filed in this litigation. Netgain has agreed to provide a Settlement Fund of approximately

$1,900,000.00. The Settlement Fund will be distributed to Settlement Class Members pursuant to the plan of distribution set forth in the Settlement.

4. The Parties have selected CPT Group, Inc. to be the Settlement Administrator. Because of the scarce funds and relative inability to access a comprehensive direct contact list of putative class members, CPT Group, Inc. will engage in an extensive 45-day media campaign to reach Class Members and direct them to a settlement website where information regarding the case, including notices, claims, settlement, and various processes related thereto will be detailed. The notices clearly and concisely inform Class Members that they may: (1) submit a claim by completing and returning a claim form and be bound by the Settlement; (2) do nothing and be bound by the Settlement; (3) object to the Settlement; or (3) exclude themselves by completing the exclusion form and not be bound by the Settlement.

5. The global resolution achieved by the parties in the Settlement came about through extensive negotiation and analysis of the facts at issue, including the financial condition of the Defendant, by the parties, their counsel, and their experts.

6. After significant briefing and argument on the legal claims in the litigation, the undersigned and other counsel for Plaintiffs engaged in written discovery of Defendant to ascertain their liability, the characteristics of the exfiltrated data, and damages. The undersigned and other Plaintiffs' counsel also sought informal information and discovery from Defendant regarding the underlying claims and Defendant's financial condition. The undersigned and other Plaintiffs' counsel also engaged an expert to analyze a copy of the data that was exfiltrated to understand its characteristics. After thorough informal

discovery, formal discovery, the motion to dismiss, analysis of a copy of the data exfiltrated, and based on their experience in numerous prior data breach cases, Class Counsel were confident that the evidence would establish Netgain's liability and prove damages on a class-wide basis.

7. Class Counsel kept in close contact with Plaintiffs during the litigation through numerous emails and personal telephone calls.

8. Prosecution of this litigation would likely include significant expense, including but not limited to dealing with complex technological issues, as well as experts for technological liability issues and damages. While Plaintiffs are confident in their claims and damages, preparing them for a contested trial would involve considerable expense. Moreover, based on the statements and evidence provided by Netgain's counsel regarding Defendant's financial condition, it is clear that Defendant is unable to meaningfully contribute more to a potential settlement.

9. In view of the contested issues involved, the risks, uncertainty, and costs of further prosecution of the litigation, the parties were set to mediate in the Fall of 2022; however, the mediation was postponed at the request of the Defendant. The parties continued to exchange information on their positions concerning liability, information breached, and the financial condition of Defendant. The parties met in person with the Honorable United States Magistrate Jeffrey Keyes (ret.), on November 15, 2022 to begin mediation efforts. Thereafter, discussions continued, and in October 2023, the parties engaged in a second mediation, held remotely, with Magistrate Keyes (ret.), who facilitated rigorous ongoing negotiations. The parties were unable to come to settlement with

Magistrate Judge Keyes in the remote 2023 mediation. Negotiations continued through 2024 and in early December, the parties engaged in a third session with Magistrate Keyes (ret.) in an effort to resolve the final differences between the parties.

10. The parties continued to negotiate after the three sessions with Magistrate Keyes (ret.), including exchanging information through Magistrate Judge Keyes, and eventually arrived at the Settlement.

11. The settlement negotiations throughout were highly contested, with counsel for each side advancing their respective arguments zealously on behalf of their clients. The negotiations throughout the settlement process were conducted at arm's length and, while conducted in a highly professional and respectful manner, were adversarial.

12. The provisions of the Settlement relating to Netgain's commitment to pay any attorneys' fees and costs approved by the Court were negotiated only after substantive terms of the Settlement were discussed and agreed upon by the parties.

13. Settlement Class Counsel will request up to a $1,500 service award to each of Plaintiffs Misty Meier (o.b.o. her minor child G.C-M.), Jane Doe, Susan M. Reichert, Robert Smithburg, Thomas Lindsay and Robin Guertin, whose service to the Class included consultation with plaintiffs' counsel, reviewing documents, and being available for mediation and subsequent settlement discussions.

14. At this time, Class Counsel collectively has accumulated more than $1,790,000.00 in lodestar and $47,043.02 in costs invested in the prosecution of this case. Class Counsel will be seeking an award of fees and costs of $570,000.00. As a result, the amount Class Counsel will seek represents a negative $\times$ .31 multiplier.

15. Class Settlement Counsel recommends, for the Court's consideration, preliminary approval of the Settlement because they believe it is within the range of possible approval and is fair, reasonable, and adequate and in the best interests of the Settlement Class under the circumstances present in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May 2025, in Minneapolis, Minnesota.

*s/ Christopher P. Renz*
Christopher P. Renz